SLIP OPINION

Cite as 2014 Ark. 366

# SUPREME COURT OF ARKANSAS

No. D-14-671

| | |
|---|---|
| JUDICIAL DISCIPLINE AND DISABILITY COMMISSION<br>                              PETITIONER<br><br>V.<br><br><br>MICHAEL MAGGIO, CIRCUIT JUDGE<br>                              RESPONDENT | **Opinion Delivered**  September 11, 2014<br><br>PETITIONER'S REPORT OF UNCONTESTED SANCTION |

**PER CURIAM**

Petitioner Arkansas Judicial Discipline and Disability Commission (Commission) has filed with this court its report of uncontested sanction, pursuant to Arkansas Judicial Discipline and Disability Commission Rule 12(D) (2013), with regard to complaints lodged against the Honorable Michael Maggio of the Twentieth Judicial District, Second Division, of the State of Arkansas. Based on certain misconduct, the Commission recommends that this court suspend Judge Maggio from his duties with pay from the date of this court's mandate until the end of his current term. For other misconduct, the Commission recommends the removal of Judge Maggio from judicial office, effective at the close of business on December 31, 2014.

Judge Maggio has been a circuit judge since January 2001, and he has presided over criminal, civil, probate, and domestic-relations cases during the course of his thirteen-year tenure. The report of uncontested sanction arises from a complaint filed with the

SLIP OPINION

Commission by the executive director, David Sachar, concerning comments made in a public electronic forum called "www.tigerdroppings.com/" by an author using the screen name "geauxjudge." Judge Maggio has admitted that he is the author of these posts. The complaint also concerns the judge's personal involvement in a hot-check case.

These matters were resolved without a formal disciplinary hearing. On advice of counsel, Judge Maggio has agreed that the sanctions of suspension and removal are appropriate for his actions. The investigation panel unanimously approved the disposition, and the regular members of the Commission voted 8–0 to approve the recommendations of suspension and removal.

The issue before us is whether to accept the Commission's proposed findings and recommendations of suspension and removal. Based upon a review of the entire record, this court is to file a written opinion and judgment directing such disciplinary action as it finds just and proper. *See* Ark. Jud. Discipline & Disability Comm'n R. 12(E) (2012). We may accept, reject, or modify in whole or in part, the findings and recommendation of the Commission. *Id.*; *Judicial Discipline & Disability Comm'n v. Simes*, 2009 Ark. 543, 354 S.W.3d 72. This is a matter requiring de novo review, and we will not reverse the Commission's findings unless they are clearly erroneous. *Judicial Discipline & Disability Comm'n v. Proctor*, 2010 Ark. 38, 360 S.W.3d 61.

After a full review of the record, we accept the Commission's findings of fact and the

recommendation of removal from office.[1] However, we reject the Commission's recommendation to suspend Judge Maggio from his duties with pay from the date of this court's mandate until the end of his current term. By order of Chief Justice Jim Hannah, pursuant to amendment 80, sections 4 and 13(C) of the Arkansas Constitution, Judge Maggio has been relieved of his duties as circuit judge since March 24, 2014. From that time forward, Judge Maggio has nonetheless received compensation as a judge, while others have performed the functions of his office. Consequently, we deem any further suspension with pay to be inappropriate. Instead, this court concludes that immediate removal is the just and proper sanction for the judge's conduct. Therefore, we order the removal of Judge Maggio from judicial office, effective as of the date of this opinion. By this order, Judge Maggio is henceforth prohibited from holding any judicial office in the State of Arkansas.

Order of removal from judicial office.

Order for the immediate issuance of the mandate.

It is so ordered.

---

[1] In addition to the complaint initiated by the executive director, four other individuals filed complaints containing similar allegations concerning Judge Maggio's postings. As recommended by the Commission, these files are considered closed and merged into the findings in this case. There also was a sixth complaint lodged against Judge Maggio, based on rulings he made in a case styled *Estate of Martha Bull v. Greenbrier Nursing and Rehabilitation Center*, and also involving certain campaign contributions and campaign activities of the judge. As recommended by the Commission, this matter is concluded with a "no finding" in that the complaint is now moot, given the disposition of this case.